UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AT CLEVELAND)

| | | |
|---|---|---|
| WHITEAMIRE CLINIC, P.A., INC. | ) | Case No. 1:16-CV-226 |
| | ) | |
| v. | ) | Judge Christopher A. Boyko |
| | ) | |
| CARTRIDGE WORLD NORTH | ) | **ANSWER OF DEFENDANT** |
| AMERICA, LLC, et al. | ) | **CARTRIDGE WORLD NORTH** |
| | ) | **AMERICA, LLC TO PLAINTIFF'S** |
| | ) | **FIRST AMENDED CLASS ACTION** |
| | ) | **COMPLAINT** |

_____

Comes now Defendant, Cartridge World North America, LLC ("CWNA"), for its Answer to the First Amended Complaint  ("FAC") and states as follows:

### PRELIMINARY STATEMENT

1.      The allegations contained in paragraph 1 discuss Plaintiff's intent regarding the filing of the FAC and do not require a response from CWNA.  To the extent a response is required, CWNA denies the allegations contained in paragraph 1 of the FAC.

2.      The allegations contained in paragraph 2 regarding the Junk Fax Protection Act ("JFPA"), 47 U.S.C. § 227, are legal conclusions to which no response is required.  To the extent a response is required, CWNA denies that it violated the JFPA.

3.      CWNA denies the allegations contained in paragraph 3 of the FAC.

4.      The allegations contained in paragraph 4 discuss Plaintiff's intent regarding the filing of the FAC and do not require a response from CWNA.  To the extent a response is required, CWNA denies that Plaintiff's claims are entitled to class treatment.

1

5.      The allegations contained in paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, CWNA denies the allegations contained in paragraph 5 of the FAC.

## JURISDICTION AND VENUE

6.      CWNA admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

7.      CWNA admits that it transacted business within the Northern District of Ohio. CWNA denies that it committed tortious acts within or outside the Northern District of Ohio.

## PARTIES

8.      CWNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the FAC and, therefore, denies same.

9.      CWNA admits the allegations contained in paragraph 11 of the FAC.

10.      CWNA admits the allegations contained in paragraph 12 of the FAC.

11.      CWNA admits that the FAC purports to allege claims against "John Does 1-10." CWNA lacks knowledge or information sufficient to form a belief that John Does 1-10 will be identified through discovery or are not presently known by Plaintiff.  Therefore, those allegations are deemed denied.

## FACTS

12.      CWNA denies the allegations contained in paragraph 12 of the FAC.

13.      CWNA admits that it receives some or all of the revenues from the sale of the products described in Exhibit A of the FAC.  CWNA denies the remaining allegations in paragraph 13.

14.      CWNA denies the allegations contained in paragraph 14 of the FAC.

15.    CWNA denies that it faxed any unsolicited facsimiles.

16.    CWNA denies the allegations contained in paragraph 16 of the FAC.

17.    The allegations contained in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, CWNA notes that Exhibit A to the FAC speaks for itself and is the best evidence of its content.

## CLASS ACTION ALLEGATIONS

18.    The allegations contained in paragraph 18 discuss Plaintiff's intent regarding the filing of the FAC and do not require a response from CWNA.  To the extent a response is required, CWNA denies the allegations contained in paragraph 18.

19.    CWNA makes no answer to the allegations of paragraph 19 to the extent that they are conclusions of law.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

20.    CWNA makes no answer to the allegations of paragraph 20 and its subparts (a) through (k), to the extent that they are conclusions of law.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

21.    CWNA makes no answer to the allegations of paragraph 21 to the extent that they are conclusions of law.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

22.    CWNA lacks knowledge or information sufficient to form a belief as to the adequacy of Plaintiff as a class representative.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

3

23.     CWNA makes no answer to the allegations of paragraph 23 to the extent that they are conclusions of law.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

24.     CWNA makes no answer to the allegations of paragraph 24 to the extent that they are conclusions of law.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

25.     CWNA makes no answer to the allegations of paragraph 25 and its subparts (a) through (e), to the extent that they are conclusions of law.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

## CLAIM FOR RELIEF – VIOLATION OF THE JFPA

26.     The allegations contained in paragraph 26 are legal conclusions to which no response is required.  To the extent that paragraph 26 of the FAC quotes from the JFPA, 47 U.S.C. § 227 *et seq*., CWNA notes that the statute speaks for itself and is the best evidence of its content.

27.     The allegations contained in paragraph 27 are legal conclusions to which no response is required.  To the extent that paragraph 27 of the FAC quotes from the JFPA, 47 U.S.C. § 227 *et seq*., CWNA notes that the statute speaks for itself and is the best evidence of its content.

28.     The allegations contained in paragraph 28 are legal conclusions to which no response is required.  To the extent that paragraph 28 of the FAC quotes from the JFPA, 47 U.S.C. § 227 *et seq*., CWNA notes that the statute speaks for itself and is the best evidence of its content.

29.     The allegations contained in paragraph 29 are legal conclusions to which no response is required.  To the extent that paragraph 29 of the FAC quotes from the Federal Communications Commission 2006 Report and Order, CWNA notes that the Report and Order speaks for itself and is the best evidence of its content.

30.     CWNA denies the allegations contained in paragraph 30 of the FAC.  CWNA denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

31.     CWNA denies the allegations contained in paragraph 31 of the FAC.

32.     The allegations contained in paragraph 32 are legal conclusions to which no response is required.

33.     The allegations contained in paragraph 33 are legal conclusions to which no response is required.

34.     CWNA denies the allegations contained in Paragraph 34 of the FAC.

35.     CWNA denies the allegations contained in Paragraph 35 of the FAC

36.     CWNA denies all other allegations of Plaintiff's FAC not otherwise specifically denied herein.

## AS TO PLAINTIFF'S DEMAND FOR RELIEF

CWNA denies that Plaintiff, or any member of the putative class, is entitled to any relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages, injunctive relief, pre-judgment interest, attorneys' fees or costs.

## AFFIRMATIVE DEFENSES

CWNA, in the alternative, and without prejudice to the denials and other statements made in its Answer to Plaintiff's FAC, for its Affirmative Defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Prior Express Consent)

The FAC and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class provided consent for the alleged fax messages.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, Unclean Hands, Ratification, and Statute of Limitations)

The claims asserted in the FAC are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions or Inaction)

Plaintiff's damages, and the damages of the putative class members, if any, have been caused by their own action or inaction.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and the putative class members have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Uncertainty as to Opt-Out Notice Requirement)

At all times herein, CWNA was reasonably uncertain about whether the opt-out notice requirement in the Federal Communications Commission's 2006 Junk Fax Order, *Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991, Junk Fax Prevention Act of 2005*, CG Docket Nos. 02-278, 05-338, Report and Order and Third Order on Reconsideration, 21 FCC Rcd 3787 (2006), applied to faxes sent with the recipient's prior permission.  CWNA is entitled to retroactive relief for those faxes, if any, that are determined to have been sent with an insufficient opt-out notice.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unconstitutionally Vague and Overbroad)

Interpretations of the JFPA upon which Plaintiff's FAC is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Lack of Control)

Any purported damages to Plaintiff or the putative class members, which CWNA denies, are the result of the acts or omissions of persons or entities over which CWNA has neither control nor responsibility.

### NINTH AFFIRMATIVE DEFENSE

#### (Defenses Specific to Class Members)

CWNA may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class.  CWNA reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## TENTH AFFIRMATIVE DEFENSE

### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Third Parties)

The matters that are the subject of this FAC and the actions therein complained of are attributable to third parties over whom CWNA had no control or right to control, and recovery therefore is barred or limited.

## TWELFTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Law)

CWNA is not liable to Plaintiff or members of any putative class because CWNA acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

CWNA reserves the right to supplement its Answer to assert any other defenses available to it under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, having answered, CWNA respectfully requests that this Court dismiss Plaintiff's FAC with prejudice at Plaintiff's cost, award CWNA its attorneys' fees and costs, and grant such other relief as the Court deems appropriate under the circumstances.


Respectfully submitted,


/s/ Joshua Briones
Joshua Briones, *admitted pro hac vice*
(CA SBN 205293)
E. Crystal Lopez
(CA SBN 296297) (*pro hac* forthcoming)
MINTZ LEVIN COHN, FERRIS, GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email: jbriones@mintz.com
   eclopez@mintz.com

Richard C.O. Rezie
Gallagher Sharp LLP
Sixth Floor, Bulkley Bldg.
1501 Euclid Avenue
Cleveland, Ohio 44115
Telephone: (216) 241-5310
Fax: (216) 241-1608
Email: rrezie@gallaghersharp.com


Counsel for Defendant,
Cartridge World North America, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2016, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

*/s/      Joshua Briones*
Counsel for Defendant,
Cartridge World North America, LLC