Exhibit "A"

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC., an Ohio corporation, individually, and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| CARTRIDGE WORLD NORTH AMERICA, LLC. and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) |

Case No. 1:16-cv-00226-CAB

Judge: Christopher A. Boyko

**AFFIDAVIT OF MATTHEW E. STUBBS IN SUPPORT OF MOTION TO COMPEL**

STATE OF OHIO     )
                    ) SS:
COUNTY OF HAMILTON  )

      Comes now Affiant, Matthew E. Stubbs, being first duly cautioned and sworn, and states as follows:

      1.     Montgomery, Rennie & Jonson is counsel for Plaintiff Whiteamire Clinic, P.A., Inc. in the above-captioned matter. I have personally managed this litigation;

      2.     On April 14, 2016, discovery requests were served upon Defendant Cartridge World North America, LLC. by Plaintiffs in regard to the above-captioned matter.  A true and accurate copy of the discovery requests are attached hereto as Exhibit "A-1";

Exhibit "A"

3.      On June 17, 2016, Defendant Cartridge World North America, LLC. ("Cartridge World") served its responses to these discovery requests. A true and accurate copy of Cartridge World's responses are attached hereto as Exhibit "A-2";

4.      In its responses, Cartridge World objected to all of the Requests for Admission. Additionally, as to Requests for Admission Nos. 1, 2, and 5, Cartridge World refused to either admit or deny the Requests "because the request calls for a legal conclusion."

5.      I conferred with counsel for Cartridge World in an effort to resolve this dispute informally.  Specifically, on June 22, 2016, I wrote an e-mail to counsel for Cartridge World, Inc. A true and accurate copy of this letter is attached hereto as Exhibit "A-3."  On July 1, 2016, counsel for Cartridge World informed that Cartridge World would not amend its responses to Requests for Admission Nos. 1, 2, and 5 absent the intervention of the Court.  A true and accurate copy of this e-mail exchange is attached hereto as Exhibit "A-4".

FURTHER AFFIANT SAYETH NAUGHT.

_____
MATTHEW E. STUBBS

Sworn to before me and subscribed in my presence, this 6th day of July, 2016.

_____
Notary Public

KIMBERLY SUE BEUKE
Notary Public, State of Ohio
My Commission Expires
10-10-2016

ˇ2ˇ

Exhibit "A-1"

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AT CLEVELAND)**

| | | |
|---|---|---|
| WHITEAMIRE CLINIC, P.A., INC., individually, and as the representatives of a class of similarly-situated persons, | ) ) ) | Civil Action No.: 1:16-cv-226-CAB |
| | ) | Judge Christopher A. Boyko |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | **PLAINTIFF WHITEAMIRE CLINIC, P.A., INC.'S FIRST SET OF DISCOVERY** |
| CARTRIDGE WORLD NORTH AMERICA, LLC, and JOHN DOES 1-10, | ) ) ) | **REQUESTS PROPOUNDED TO DEFENDANT CARTRIDGE WORLD NORTH AMERICA, LLC** |
| Defendants. | ) | |

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Whiteamire Clinic, P.A., Inc. propounds the following discovery requests to Defendant Cartridge World North America, LLC. and requests that they be answered under oath within thirty days after they have been served.

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "Relevant Time Period" means the time period running from four years prior to the date of filing of the original Complaint to the present.

2.      "Defendant" or "you" means Cartridge World North America, LLC, or any of its agents, attorneys, employees, shareholders, officers, directors, affiliates, parent companies, subsidiaries or anyone Defendant has engaged or retained in any way to transmit facsimile transmissions.

3.      The "7/3/12 Fax Ad" refers to the document attached as Exhibit A hereto.

4.      The "TCPA" or "JFPA" refers to 47 U.S.C. § 227, which is commonly referred to as the Telephone Consumer Protection Act or Junk Fax Prevention Act.

5.      "Established business relationship" or "EBR"" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of

an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

6. "Communication" means any exchange of information, whether orally or in writing, and includes, but is not limited to, telephonic communication, audiovisual communication, radio transmission, television transmission, data transmission and any and all forms of written information and documents.

7. "Sender" means the person or entity on whose behalf the 7/3/12 Fax Ad was sent.

8. "Document" means anything in or upon which information may be fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio, computer diskette, magnetic tape), including but not limited to, the following: contracts, agreements, insurance plans, insurance policies, papers, photographs, tape recordings, transcripts, computer diskettes, computer drives, hard drives, mainframes or any other kind of database or data stored in a computer in any manner (including any coding information necessary to gain access to any such computer information), videotapes, documents filed with any state or federal regulatory or administrative agency or entity, annual reports, shareholder agreements, letters, correspondence, memoranda, diaries, journals, corporate forms, faxes, telegrams, photographs, court papers, financial reports, financial statements, annual reports, checks, check books, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, worksheets, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, telex and other teletype communications, computer printouts, any other printout sheets, movie film, slides, microfilm, reports (including appraisal reports), studies, summaries, minutes of meetings, minute books, circulars, notes (whether typewritten, handwritten or otherwise), agendas, bulletins, notices, announcements, proofs, sheets, instructions, charts, tables, manuals, brochures, magazines, pamphlets, lists, visitors' logs, schedules, price lists, engineering and/or architectural drawings, sketches, plans, blueprints, specifications, diagrams, drafts, books and records, desk calendars, notebooks, registers, appointment books, budgets, analyses, projections, tax returns and all other data compilations from which information can be obtained or translated, regardless of whether such materials are in Defendant's possession or are in the possession of Defendant's present or former officers, agents, servants, employees, representatives, attorneys or other persons acting on its behalf.  The term "document" also includes any and all drafts and/or copies of any of the foregoing materials that do not conform to the original or final version in any way, in that they contain any mark, alteration or additional writing or other change from the original or final version.

9. "Person" refers to individuals, partnerships, associations, corporations, governmental bodies, agents, entities and/or individuals authorized to act on behalf of Defendant and any and all subparts (e.g., subsidiaries, agencies, or departments) of any such entity.

10. "Meeting" refers to any gathering of two or more persons where any face-to-face oral communication takes place or any written communication is exchanged by hand.

2

11.    "Contact" means any meeting, communication, signaling, or interaction of persons, by whatever means made or done, regardless of whether an exchange of information took place.

12.    "Thing" refers to all material within the broadest permissible meaning of the word.

13.    "Concerning" means relating, referring to, describing, evidencing or constituting.

14.    "Referring or relating" means to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

15.    Any undefined word or term is to be understood according to its commonly accepted meaning.  Please consult with Plaintiff's counsel in the event that Defendant or its counsel has difficulty understanding the meaning of any term as it is used in these discovery requests.

16.    Singular nouns and pronouns shall be deemed to include their plurals and plural nouns and pronouns shall be deemed to include their singulars.

17.    All nouns and pronouns used herein shall be deemed to be gender neutral and to include all persons regardless of sex.

18.    If Defendant cannot respond to any discovery request in full after exercising due diligence to secure any information needed to provide an answer, please state the reason(s) for the inability to respond and the efforts undertaken to secure the information sought.

19.    If Defendant objects to responding to any portion of these discovery requests, please (a) state the legal and factual bases for each such objection, and (b) fully identify with reasonable particularity the subject matter of the information to which Defendant believes the objection applies.

20.    If any response is withheld on grounds of privilege, work product, or otherwise, for each such response, set forth a privilege log and state the reason for withholding the response and the factual basis for such reason, with sufficient particularity to allow Plaintiff to assess the validity of the reason and, if necessary, for the Court to rule on it.

21.    Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged response containing non-privileged matter must be provided, with the purportedly privileged portion expressly redacted.

22.    If Defendant contends that responding to any Discovery response would impose an undue burden upon it, Defendant shall specify in detail how responding would impose such a burden and respond to the Discovery response to the broadest extent possible without engaging in the activities claimed to be unduly burdensome.

23.     If Defendant contends that any Discovery response is overly broad, Defendant shall specify with precision the way in which it contends the Discovery response is overly broad, specify what narrower interpretation of the Discovery response would be acceptable, and then respond to the Discovery response on the basis of such a narrower interpretation of it.

24.     If Defendant's response to the Discovery response would be different for different time frames within the Relevant Time Period, Defendant shall state each time frame for which the response would be different, and specify the correct response for each such time frame.

25.     These discovery responses are to be considered as continuing in duration. Plaintiffs requests that Defendant supplement all responses as new information becomes available, the existing responses are inaccurate or incomplete, or other circumstances warrant.

### INTERROGATORIES

1.     Did Cartridge World North America transmit the 7/3/12 Fax Ad to (419) 529-6085?  If not, who did?

**RESPONSE:**


2.     How did Cartridge World North America (or the entity identified in response to Interrogatory No. 1) obtain the fax number (419) 529-6085?

**RESPONSE:**


3.     Has Cartridge World North America (or the entity identified in response to Interrogatory No. 1) transmitted any other documents to (419) 529-6085 from February 1, 2012 to the present?  If so, identify the dates when each such transmission occurred, the number of the sending fax machine, and the person or entity that transmitted the document.

**RESPONSE:**


4.     Was the 7/3/12 Fax Ad transmitted to any other persons/entities via facsimile?  If so, identify all such persons/entities by name, address, email, and facsimile number.

**RESPONSE:**


5.     Was the 7/3/12 Fax Ad transmitted to (419) 529-6085 on any day other than July 3, 2012?  If so, on what days?

**RESPONSE:**

4

6.     Who was the telecommunications provider for the account associated with phone number (650) 655-6633 in July of 2012?

**RESPONSE:**

7.     Who created the content, layout, and other aspects of the appearance of the 7/3/12 Fax Ad?

**RESPONSE:**

8.     What current employee of Cartridge World North America is most knowledgeable in regard to the content of the 7/3/12 Fax Ad?

**RESPONSE:**

9.     What current employee of Cartridge World North America is most knowledgeable in regard to the transmission of the 7/3/12 Fax Ad to (419) 529-6085?

**RESPONSE:**

10.    What current employee of Cartridge World North America is most knowledgeable regarding the facsimile advertising activities of Cartridge World North America?

**RESPONSE:**

11.    Was Cartridge World North America aware of the JFPA before July of 2012?

**RESPONSE:**

## REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, produce copies all documents in the possession, custody, or control of Cartridge World North America that meet the following descriptions:

1.    Any document that purports to show that Cartridge World North America obtained express invitation of permission from Whiteamire Clinic to send advertisements to Whiteamire Clinic's fax machine/fax number.

**RESPONSE:**

2.    Any document that purports to show that Whiteamire Clinic has or had an established business relationship with Cartridge World North America.

**RESPONSE:**

3.    Any communication or contacts between Whiteamire Clinic and Cartridge World North America.

**RESPONSE:**

4.    Any document that was transmitted to (419) 529-6085 from February 1, 2012 to the present by or on behalf of Cartridge World North America.

**RESPONSE:**

5.    Any document that identifies the person or entities that transmitted the 7/3/12 Fax Ad via facsimile.

**RESPONSE:**

6.    Any document that identifies the person or entities to which the 7/3/12 Fax Ad was transmitted by facsimile.

**RESPONSE:**

7.      Any document that purports to show that any person or entity to which the 7/3/12 Fax Ad was transmitted via facsimile provided express invitation of permission to Cartridge World North America for the receipt of advertisements via their fax machine/fax number.

**RESPONSE:**

8.      Any document that purports to show that any person or entity to which the 7/3/12 Fax Ad was transmitted via facsimile had an established business relationship with Cartridge World North America before July 3, 2012.

**RESPONSE:**

## REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, admit or deny the following

statements:

1.      The 7/3/12 Fax Ad is an "advertisement" within the meaning of the JFPA.

**RESPONSE:**

2.      Cartridge World North America is the "sender" of the 7/3/12 Fax Ad within the meaning of the JFPA.

**RESPONSE:**

3.      Cartridge World North America did not obtain express invitation or permission from Whiteamire Clinic to send advertisements to Whiteamire Clinic's fax machine/fax number before July 3, 2012.

**RESPONSE:**

4.      Cartridge World North America did not have an established business relationship with Whiteamire Clinic before July 3, 2012.

**RESPONSE:**

7

5.     The opt-out notice on the 7/3/12 Fax Ad does not comply with the requirements of the JFPA as set forth in 47 U.S.C. § 227(D)(i)-(iv).

**RESPONSE:**

6.     Cartridge World North America sent advertisements to the fax machine/fax number of Whiteamire Clinic other than the 7/3/12 Fax Ad.

**RESPONSE:**

Respectfully submitted,

WHITEAMIRE CLINIC , P.A., INC., individually and as the representative of a class of similarly-situated persons,

_____
GEORGE D. JONSON (0027124)
MATTHEW E. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, Ohio  45202
(513) 241-4722
(513) 241-8775 (fax)
Email: gjonson@mrjlaw.com
          mstubbs@mrjlaw.com

*Counsel for Plaintiff Whiteamire Clinic, P.A., Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2016, I served the foregoing upon the following via email transmission and regular U.S. Mail, postage prepaid:

Thomas H. Stewart (0059246)
of Blank Rome, LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
stewart@blankrome.com

Joshua Briones
E. Crystal Lopez
Blank Rome, LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
jbriones@blankrome.com
eclopez@blankrome.com

_____
Matthew E. Stubbs

9

Exibit "A-2"

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (AT CLEVELAND)**

| | | |
|---|---|---|
| WHITEAMIRE CLINIC, P.A., INC., individually, and as the representatives of a class of similarly-situated persons, | ) ) ) | Civil Action No.: 1:16-cv-226-CAB |
| Plaintiffs, | ) ) | Judge Christopher A. Boyko |
| v. | ) | **DEFENDANT'S RESPONSES TO** |
| CARTRIDGE WORLD NORTH AMERICA, LLC, and JOHN DOES 1-10, | ) ) ) | **PLAINTIFF'S DISCOVERY REQUESTS** |
| Defendants. | ) ) | |

Defendant Cartridge World North America, LLC ("CWNA" or "Defendant") responds to Plaintiff Whiteamire Clinic, P.A., Inc.'s ("Plaintiff") First Set of Interrogatories, Requests for Production and Requests for Admissions ("Discovery Requests") pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Defendant has not completed discovery in this action, has not completed its investigation of the facts relating to this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these responses, but which may have been responsive to these Discovery Requests. All of the responses contained herein are based solely upon such information and documentation as are presently available and specifically known to Defendant, and only on those contentions that are presently being asserted by Defendant. Defendant expressly reserves the right to change any and all responses herein as additional facts are ascertained, discovery and investigation conducted, analysis made and legal research completed.

The responses contained herein are made in a good faith effort to supply as much factual information and documentation as is presently known and available, but will not prejudice Defendant's rights to further discovery, analysis or research.  Defendant may also, through the use of discovery and investigation, ascertain that information not presently thought to be responsive is in fact relevant and responsive.

These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, inadmissibility, and any and all other objections and grounds that would require the exclusion of any statement herein if the questions were asked, or any statements contained herein were made by a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Defendant's responses to the Requests for Production of Documents herein are made without waiving, and expressly reserving, Defendant's right (a) to object on any ground to the use of the documents produced in any step or proceeding in this action or any other action and/or (b) to object on any ground to other discovery requests regarding the subject matter of any document request herein.  Certain documents produced hereunder may or may not be admissible or relevant to the contentions made in this case.  Defendant expressly reserves any and all evidentiary objections that may apply to the documents being produced.

A statement that responsive documents will be produced is not intended to mean that such documents actually exist, but only that, if they exist, or have been located after a reasonable search, and survive the general and specific objections, they will be produced.  To the extent that the request seeks documents that are also sought by or identified pursuant to any other request, Defendant declines to produce or identify multiple copies of such documents, and states that

each document produced or identified pursuant to the request is also produced pursuant to every other request to which it is or may be responsive.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Defendant has answered any interrogatory herein should not be taken as an admission that Defendant accepts or admits the existence or any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Defendant has answered part of, or all of, any question is not intended and shall not be construed to be a waiver by Defendant of all or any part of any objection to any interrogatory herein.

## GENERAL OBJECTIONS

1. Defendant objects to the Requests, and to each and every specific request contained therein, to the extent they are vague and ambiguous.  In such instances, where possible, Defendant has made reasonable assumptions as to Plaintiff's intended meaning and has responded accordingly, and subject to and without waiver of its objections as to vagueness and ambiguity.

2. Defendant object to the Requests, and to each and every specific request contained therein, to the extent that they seek information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to the Requests, and to each and every specific request contained therein, to the extent that they are overly broad and requires Defendant to make an unreasonable and unduly burdensome investigation.  In such instances, Defendant's response will

be limited to the information and documents reasonably available to Defendant that are relevant to this action and responsive to the Request.

4.    Defendant objects to the Requests, and to each and every specific request contained therein, to the extent they seek documents, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

5.    Defendant objects to Plaintiff's Discovery Requests and each and every request contained therein to the extent that they seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege recognized under state law.  Nothing contained in these responses is intended or may be construed as a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

6.    Defendant objects to Plaintiff's Discovery Requests and each and every request contained therein to the extent they seek information that is not available to Defendant or is not in its possession, custody, or control.

7.    Defendant objects to Plaintiff's Discovery Requests and each and every request contained therein to the extent that they seek to require Defendant to provide information other than that which may be obtained through a reasonably diligent search of its records.

8.    Defendant objects to Plaintiff's Discovery Requests and each and every request contained therein to the extent that they call for information which constitutes or contains confidential, financial or personal information, confidential information relating to the business of Plaintiff, or any affiliated parties, entities or persons, and/or trade secrets on the grounds that such information is protected from disclosure under the right of privacy and other grounds.

9.     Defendant objects to Plaintiff's Discovery Requests and each and every request contained therein, and each instruction and/or definition to the extent they seek to impose discovery obligations that exceed those set forth in the Federal Rules of Civil Procedure.

All of the responses set forth below are made subject to the foregoing Preliminary Statement and General Objections.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:

Did Cartridge World North America transmit the 7/3/12 Fax Ad to (419) 529-6085?  If not, who did?

**RESPONSE TO INTERROGATORY NO. 1**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

CWNA did not transmit the 7/3/12 Fax Ad to (419) 529-6085.  A vendor called RingCentral, Inc. transmitted the 7/3/12 Fax Ad.

**INTERROGATORY NO. 2**:

How did Cartridge World North America (or the entity identified in response to Interrogatory No. 1) obtain the fax number (419) 529-6085?

**RESPONSE TO INTERROGATORY NO. 2**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

CWNA engaged The Timlin Marketing Group to call target business and inquire whether they wanted to receive faxes from CWNA and to record their fax number if the response was affirmative.

**INTERROGATORY NO. 3**:

Has Cartridge World North America (or the entity identified in response to Interrogatory No. 1) transmitted any other documents to (419) 529-6085 from February 1, 2012 to the present? If so, identify the dates when each such transmission occurred, the number of the sending fax machine, and the person or entity that transmitted the document.

**RESPONSE TO INTERROGATORY NO. 3**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

CWNA is not aware of any other documents transmitted to (419) 529-6085 from February 1, 2012 to the present.

**INTERROGATORY NO. 4**

Was the 7/3/12 Fax Ad transmitted to any other persons/entities via facsimile?  If so, identify all such persons/entities by name, address, email, and facsimile number.

**RESPONSE TO INTERROGATORY NO. 4**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

CWNA does not have sufficient information to identify the persons/entities to whom RingCentral, Inc. transmitted the 7/3/12 Fax Ad.

**INTERROGATORY NO. 5**:

Was the 7/3/12 Fax Ad transmitted to (419) 529-6085 on any day other than July 3, 2012?  If so, on what days?

**RESPONSE TO INTERROGATORY NO. 5**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

CWNA is not aware of any other day, other than July 3, 2012, on which the 7/3/12 Fax Ad was transmitted to (419) 529-6085.

**INTERROGATORY NO. 6**:

Who was the telecommunications provider for the account associated with phone number (650) 655-6633 in July of 2012?

**RESPONSE TO INTERROGATORY NO. 6**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects that this interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the specific objections, Preliminary Statement and General Objections, Defendant responds as follows:

CWNA does not know, or have reason to know, who was the telecommunications provider for the account associated with phone number (650) 655-6633 in July of 2012

**INTERROGATORY NO. 7**:

Who created the content, layout, and other aspects of the appearance of the 7/3/12 Fax Ad?

**RESPONSE TO INTERROGATORY NO. 7**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects that this interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the specific objections, Preliminary Statement and General Objections, Defendant responds as follows:

Mcomm Group, Inc.

**INTERROGATORY NO. 8**:

What current employee of Cartridge World North America is most knowledgeable in regard to the content of the 7/3/12 Fax Ad?

**RESPONSE TO INTERROGATORY NO. 8**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

Alan White.

**INTERROGATORY NO. 9**:

What current employee of Cartridge World North America is most knowledgeable in regard to the transmission of the 7/3/12 Fax Ad to (419) 529-6085?

**RESPONSE TO INTERROGATORY NO. 9**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

Alan White.

**INTERROGATORY NO. 10**:

What current employee of Cartridge World North America is most knowledgeable regarding the facsimile advertising activities of Cartridge World North America?

**RESPONSE TO INTERROGATORY NO. 10**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

Alan White.

**INTERROGATORY NO. 11**:

Was Cartridge World North America aware of the JFPA before July of 2012?

**RESPONSE TO INTERROGATORY NO. 11**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

No.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUESTS FOR PRODUCTION NO. 1**:

Any document that purports to show that Cartridge World North America obtained express invitation of permission from Whiteamire Clinic to send advertisements to Whiteamire Clinic's fax machine/fax number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant will produce a list of target businesses that voluntarily provided their fax machine number to The Timlin Marketing Group.

**REQUESTS FOR PRODUCTION NO. 2**:

Any document that purports to show that Whiteamire Clinic has or had an established business relationship with Cartridge World North America.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant will produce Whiteamire Clinic's purchase history with CWNA.

**REQUEST FOR PRODUCTION NO. 3**:

Any communication or contacts between Whiteamire Clinic and Cartridge World North America.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

After conducting a reasonably diligent search, CWNA has been unable to locate any responsive documents within its possession, custody, or control at this time.  CWNA reserves its right to supplement these responses.

**REQUEST FOR PRODUCTION NO. 4**:

Any document that was transmitted to (419) 529-6085 from February 1, 2012 to the present by or on behalf of Cartridge World North America.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

After conducting a reasonably diligent search, CWNA has been unable to locate any responsive documents within its possession, custody, or control at this time.  CWNA reserves its right to supplement these responses.

**REQUEST FOR PRODUCTION NO. 5**:

Any document that identifies the person or entities that transmitted the 7/3/12 Fax Ad via facsimile.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

After conducting a reasonably diligent search, CWNA has been unable to locate any responsive documents within its possession, custody, or control at this time.  CWNA reserves its right to supplement these responses.

**REQUEST FOR PRODUCTION NO. 6**:

Any document that identifies the person or entities to which the 7/3/12 Fax Ad was transmitted by facsimile.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

After conducting a reasonably diligent search, CWNA has been unable to locate any responsive documents within its possession, custody, or control at this time.  CWNA reserves its right to supplement these responses.

**REQUEST FOR PRODUCTION NO. 7**:

Any document that purports to show that any person or entity to which the 7/3/12 Fax Ad was transmitted via facsimile provided express invitation of permission to Cartridge World North America for the receipt of advertisements via their fax machine/fax number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant will produce a list of target businesses that voluntarily provided their fax machine number to The Timlin Marketing Group.

**REQUEST FOR PRODUCTION NO. 8:**

Any document that purports to show that any person or entity to which the 7/3/12 Fax Ad was transmitted via facsimile had an established business relationship with Cartridge World North America before July 3, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the Preliminary Statement and General Objections, Defendant will produce Whiteamire Clinic's purchase history with CWNA.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

The 7/3/12 Fax Ad is an "advertisement" within the meaning of the JFPA.

**RESPONSE TO REQUEST FOR ADMISSION NO.1:**

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects that this request requires a legal conclusion. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

No response is required because the request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 2**:

Cartridge World North America is the "sender" of the 7/3/12 Fax Ad within the meaning of the JFPA.

**RESPONSE TO REQUEST FOR ADMISSION NO.2**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects that this request requires a legal conclusion. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

No response is required because the request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 3**:

Cartridge World North America did not obtain express invitation or permission from Whiteamire Clinic to send advertisements to Whiteamire Clinic's fax machine/fax number before July 3, 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO.3**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects that this request requires a legal conclusion. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

Deny.

**REQUEST FOR ADMISSION NO. 4**:

Cartridge World North America did not have an established business relationship with Whiteamire Clinic before July 3, 2012.

**RESPONSE TO REQUEST FOR ADMISSION NO.4**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects that this request requires a legal conclusion. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

Deny.

**REQUEST FOR ADMISSION NO. 5**:

The opt-out notice on the 7/3/12 Fax Ad does not comply with the requirements of the JFPA as set forth in 47 U.S.C. § 227(D)(i)-(iv).

**RESPONSE TO REQUEST FOR ADMISSION NO.5**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects that this request requires a legal conclusion. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

No response is required because the request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 6**:

Cartridge World North America sent advertisements to the fax machine/fax number of Whiteamire Clinic other than the 7/3/12 Fax Ad.

**RESPONSE TO REQUEST FOR ADMISSION NO.6**:

Defendant incorporates by this reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects that this request is vague, ambiguous and unintelligible. Subject to and without waiving the Preliminary Statement and General Objections, Defendant responds as follows:

CWNA denies that it sent any advertisements to Whiteamire Clinic.

Dated:  June 17, 2016         MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.

_E. Crystal Lopez_
_____

_____

Joshua Briones, *admitted pro hac vice*
(CA SBN 205293)
E. Crystal Lopez
(CA SBN 296297) (*pro hac forthcoming*)
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
Email:       jbriones@mintz.com
            eclopez@mintz.com
Attorneys for Cartridge World North America,
LLC

48548738v.1

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

     I am employed in the county of Los Angeles, State of California.  I am over the

4

age of 18 and not a party to the action; my business address is MINTZ LEVIN, A

5

Professional Corporation, 2029 Century Park East, Suite 1370, Los Angeles, CA.

6

     On June 17, 2016, I served the foregoing document(s):

7

**DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

8

on the interested parties in this action addressed and sent as follows:

9

Matthew E. Stubbs

10

mstubbs@mrjlaw.com
George D. Jonson

11

gjonson@mrjlaw.com
Montgomery, Rennie & Jonson

12

36 East Seventh Street

13

Cincinnati, OH 45202-4452

14

     ☒ **BY ENVELOPE**:  By placing ☐ the original ☒ a true copy thereof

15

enclosed in sealed envelopes(s) addressed as indicated and delivering such

16

envelope(s):

17

     ☒ **BY U.S. MAIL:**  I am readily familiar with the business' practice for

18

collection and processing of correspondence for mailing with the United States Postal

19

Service. The address(es) shown above is(are) the same as shown on the envelope.

20

The envelope was placed for deposit in the United States Postal Service at Mintz

21

Levin in San Francisco, California on June 17, 2016.  The envelope was sealed and

22

placed for collection and mailing with first-class prepaid postage on this date

23

following ordinary business practices.

24

     ☒ **BY E-MAIL.**  On June 17, 2016, I caused the above-referenced

25

document(s) to be sent in electronic PDF format as an attachment to an email

26

addressed to the person(s) on whom such document(s) is/are to be served at the email

27

address(es) shown above, as last given by that person(s) or as obtained from an

28

Proof of Service

1  internet website(s) relating to such person(s), and I did not receive an email response
2  upon sending such email indicating that such email was not delivered
3  ☐ **BY FEDEX:**  I deposited such envelope(s) in a box or other facility
4  regularly maintained by Fed Ex, an express service carrier, or delivered to a courier
5  or driver authorized by said express service carrier to receive documents in an
6  envelope designated by the said express service carrier, addressed as indicated, with
7  delivery fees paid or provided for, to be transmitted by FedEx.
8  ☒ **FEDERAL:**  I declare that I am employed in the office of a member of the
9  bar of this court at whose direction service was made.
10  Executed on June 17, 2016, at Los Angeles, California.

Shona Brockway

14  49399043v.1

- 2 -

Proof of Service

Exhibit "A-3"

| | |
|---|---|
| **From:** | Matt Stubbs |
| **Sent:** | Wednesday, June 22, 2016 1:59 PM |
| **To:** | Briones, Joshua; Lopez, Crystal |
| **Subject:** | RE: Whiteamire Clinic/Cartridge World - Defendant's Discovery Responses |

Joshau/Crystal,

I am writing in regard to your client's discovery responses.  Can you tell me when you expect your client to produce the responsive documents?  Also, your client declined to admit or deny Requests for Admission 1, 2, and 5 because they called for legal conclusions.  I don't believe that is a legitimate basis to refuse to admit or deny a request for admission as Rule 36 specifically provides for requests for admission that call for the application of law to fact.  In my view, that is what those requests are doing.  Please have your client provide substantive responses to those requests.

Matt Stubbs

**From:** Brockway, Shona [mailto:Sbrockway@mintz.com]
**Sent:** Friday, June 17, 2016 5:40 PM
**To:** Matt Stubbs; George Jonson
**Cc:** Briones, Joshua; Lopez, Crystal
**Subject:** Whiteamire Clinic/Cartridge World - Defendant's Discovery Responses

Counsel,

Attached is Cartridge World's responses to discovery.

Thank you,

Shona Brockway | Assistant
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
2029 Century Park East, Suite 1370 | Los Angeles, CA 90067
Direct: +1 310.586.3201 | Fax: +1 310.586.3202
E-mail: Sbrockway@mintz.com
Web: www.mintz.com
Image removed by sender.
http://www.mintz.com/owa/mir

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at DirectorofIT@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

Exhibit "A-4"

| | |
|---|---|
| From: | Matt Stubbs |
| Sent: | Friday, July 01, 2016 4:22 PM |
| To: | Morales, Esteban |
| Cc: | Briones, Joshua; Lopez, Crystal |
| Subject: | RE: Cartridge World |

Esteban,

Thank you for the response.  We'll file notice of the discovery dispute.

Matt Stubbs

**From:** Morales, Esteban [mailto:Emorales@mintz.com]
**Sent:** Friday, July 01, 2016 4:18 PM
**To:** Matt Stubbs
**Cc:** Briones, Joshua; Lopez, Crystal
**Subject:** RE: Cartridge World

Matt,

I've reviewed the discovery responses at issue (Responses to RFAs 1, 2, and 5).  Our position is that our responses are appropriate and that we are not required to provide supplemental or amended responses.

It is well settled that objections are proper where RFAs, like here, seek admissions on issues of law.  *See Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) (holding that request asking defendant "to admit that she is a public figure as defined in *Curtis Publishing Co. v. Butts*" required "Defendant to make a conclusion of law" and noting that the proper response is either a denial or an objection).   The principle, moreover, has been applied in on-point cases involving the TCPA, including in Ohio.  *See e.g. Hamilton v. Spurling,* 2013 U.S. Dist. LEXIS 38583, at *4-*6 (S.D. Ohio March 20, 2013) (denying plaintiff's discovery motion in TCPA claim where plaintiff sought inappropriate admissions of law with respect to existing business relationships, consent, and the telephone equipment at issue); *Gilchrist v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 161723, at *3 (W.D. Wash. Nov. 18, 2014) (denying plaintiffs' motion to compel in TCPA case where "[t]he legal conclusions Plaintiff was asking [Defendant] to make . . . were the questions the case revolved around.").  I invite you to also review the Advisory Committee notes to Rule 36, which point out that even assuming the requests at issue involved "mixed law and fact[,] the majority of courts sustain objections."

We believe that the law is clear and motion practice is unnecessary.  To that end, if our client is forced to oppose a discovery motion on these issues we will ask for our fees and costs per Rule 37.

Thanks,

Esteban

**From:** Morales, Esteban
**Sent:** Wednesday, June 29, 2016 2:06 PM
**To:** 'Matt Stubbs'
**Cc:** Briones, Joshua; Lopez, Crystal
**Subject:** RE: Cartridge World

Matt,

Thanks for your patience and apologies for the delay.  I'm still working through the case file and will aim to have an answer for you by the end of this week – my goal is always to avoid unnecessary motion practice where possible.

Esteban

**From:** Matt Stubbs [mailto:MStubbs@mrjlaw.com]
**Sent:** Wednesday, June 29, 2016 9:45 AM
**To:** Morales, Esteban
**Cc:** Briones, Joshua; Lopez, Crystal
**Subject:** RE: Cartridge World

Estaban,

Any word on the responses to the requests for admission, as I'd like to get our letter brief to the Court if we're not going to agree on that.

Matt Stubbs

**From:** Morales, Esteban [mailto:Emorales@mintz.com]
**Sent:** Friday, June 24, 2016 12:21 PM
**To:** Matt Stubbs
**Cc:** Briones, Joshua; Lopez, Crystal
**Subject:** Cartridge World

Matt,

Thanks for the call a moment ago.  As I explained, going forward I'll be handling the case on a day-to-day basis.  Please feel free to reach out to me directly – my contact information is below.

Also, Crystal forwarded me your June 22nd email regarding discovery.  I'm reviewing the case file and will respond shortly.

Esteban Morales | Attorney
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
2029 Century Park East, Suite 1370 | Los Angeles, CA 90067
Direct: +1.310.226.7841 | Fax: +1.310.586.3202
E-mail: Emorales@mintz.com
Web: www.mintz.com

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at DirectorofIT@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.