UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A. INC., ) | CASE NO.1:16CV226 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| CARTRIDGE WORLD NORTH ) | OPINION AND ORDER |
| AMERICA, LLC., AND JOHN DOES ) | |
| 1-10 ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Cartridge World North America, LLC.'s Motion for Judgment on the Pleadings. (ECF # 31). For the following reasons, the Court denies Defendant's Motion.

Plaintiff's First Amended Complaint alleges a single claim for violation of the Telephone Consumer Protection Act of 2005, 47 U.S.C. § 227 ("TCPA"), on behalf of itself and a putative class. According to Plaintiff, on July 3, 2012, Defendants transmitted via facsimile machine an unsolicited facsimile advertisement to Plaintiff. Plaintiff did not give Defendants consent to send the fax.

Plaintiff brings its class action claim on behalf of a putative class defined as:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) which Defendants did not have prior express invitation or permission, or (4) which did not display a proper opt-out notice.

Defendant moves for judgment on the pleadings, contending Plaintiff lacks standing to assert its claim against Cartridge World because Plaintiff did not receive a fax but instead received an email. According to Defendant, under a fair reading of the recent United States Supreme Court decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016), judgment is mandated for Defendant because Plaintiff cannot show an injury-in-fact caused by Defendants' email. Although Plaintiff's First Amended Complaint alleges the fax used the Plaintiff's fax machine and the fax caused wear and tear, loss of paper and ink; and lost use of a fax machine, the attached "fax" (an exhibit to the First Amended Complaint) demonstrates it was an email, not a fax. Thus, any allegations that it caused wear, and tear, loss of paper and ink, loss of the use of the fax or that it used Plaintiff's fax machine are demonstrably false. The attached exhibit fax clearly evidences on its face it was received as an email. Therefore, Plaintiff cannot plausibly assert these injuries and thus, cannot allege injury-in-fact.

## LAW AND ANALYSIS

### Standard of Review

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*,

284 F.Supp. 2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id*. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A Rule 12(c) motion "is granted when ***no material issue of fact*** exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added). A written instrument attached to a pleading is a part of the pleading for all purposes. Fed. R. Civ. P. 10(c). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335–36 (6th Cir. 2007)

**Article III Standing**

The Constitution limits federal court jurisdiction to actual "cases" or "controversies." U.S. Const., art. III, § 2, cl. 1. Standing to sue is one aspect of the case-or-controversy requirement. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997), citing *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 663-664 (1993). To have standing, a plaintiff must offer evidence that shows: (1) the

plaintiff has suffered an injury in fact, which is further defined as a violation of "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the defendant's conduct; and (3) a favorable decision will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Cartridge World's argument that Plaintiff cannot show a concrete injury because it received an email and not a fax, fails in light of recent Sixth Circuit precedent. In *Imhoff Investment, LLC v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015), the Sixth Circuit determined that a plaintiff has standing to assert a claim under the TCPA even though a third party actually sent the fax to defendant. While factually different than the case before the Court, *Imhoff*, in analyzing standing, cited favorably to a Seventh Circuit decision wherein that court held a fax, received via email, still supports a cause of action under the TCPA. The Sixth Circuit, albeit in the context of deciding standing on different facts, appears favorably disposed to two positions adverse to Defendant's arguments. One, that a fax advertisement received by a plaintiff via email still constitutes a violation of the TCPA. Two, that a plaintiff who receives an email fax still suffers a concrete injury - i.e. - the value of time dealing with junk email and a burdened network. In *Imhoff,* the Sixth Circuit reasoned:

> Congress was generally concerned with the costs associated with unsolicited fax advertisements. *(Citations omitted).* But unsolicited fax advertisements impose costs on all recipients, irrespective of ownership and the cost of paper and ink, because such advertisements waste the recipients' time and impede the free flow of commerce. *Ira Holtzman, C.P.A. v. Turza,* 728 F.3d 682, 684 (7th Cir.2013) ("Even a recipient who gets the fax on a computer and deletes it without printing suffers some loss: the value of the time necessary to realize that the inbox has been cluttered by junk.") *Owners Ins. Co. v. European Auto Works, Inc.,* 695 F.3d 814, 820 (8th Cir.2012) (explaining that the TCPA was intended in part to "keep[ ] telephone lines from being tied up" by unsolicited

> fax advertisements); *Missouri ex rel. Nixon v. Am. Blast Fax, Inc.,* 323 F.3d 649, 655 (8th Cir.2003) (noting that "unsolicited fax advertising interferes with company switchboard operations and burdens the computer networks of those recipients who route incoming faxes into their electronic mail systems").

*Imhoff Inv., L.L.C. v. Alfoccino, Inc.,* 792 F.3d 627, 632 (6th Cir. 2015).

Although *Imhoff* preceded *Spokeo*, it speaks to the issue *Spokeo* addresses -i.e.- whether a plaintiff has suffered a concrete and particularized injury. Particularization means it must affect the plaintiff in a personal and individual way. Concrete means an actual injury whether tangible or intangible. In *Spokeo*, the United States Supreme Court remanded a case to the Ninth Circuit Court of Appeals because it did not determine whether a plaintiff had suffered both a concrete and particularized injury. That is not the case in this circuit. *Imhoff* has already addressed both, indicating that a Plaintiff under these facts has standing to assert a claim under the TCPA. Thus, the Court finds that Spokeo does not mandate dismissal in the case at bar because the Sixth Circuit in *Imhoff* has determined that an injury involving the time lost due to reviewing junk emails is a concrete injury and is particularized, as it affected Whiteamire by costing it time it could have spent on other more productive business activities. (First Amended Complaint para. 35).

Therefore, the Court holds Plaintiff has met its burden to show Article III standing because the First Amended Complaint clearly alleges: 1) he has suffered an injury in fact - wasted time reviewing the junk emails that could have been spent on other business activities, impedes Plaintiff's ability to engage in the free flow of commerce (First Amended Complaint para 3 & 35); 2) fairly traceable to conduct of Defendant - Defendant sent Plaintiff and the Class an unsolicited fax advertisement on July 3, 2012; (First Amended Complaint para. 2);

5

and 3) is likely to be redressed by a favorable judicial decision - Plaintiff suffered damages to his business in lost time and in diversion of resources and can be made whole by injunctive and monetary relief through this Court.

Therefore, for the foregoing reasons, the Court denies Defendant's Motion.

IT IS SO ORDERED.

                                                         s/ Christopher A. Boyko
                                                         CHRISTOPHER A. BOYKO
                                                         United States District Judge

Dated: February 13, 2017