UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WHITEAMIRE CLINIC, P.A. INC., | ) | CASE NO.1:16CV226 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CARTRIDGE WORLD NORTH AMERICA, LLC., AND JOHN DOES 1-10 | ) ) ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Whiteamire Clinic, P.A.'s unopposed Motion for Summary Judgment (ECF # 98) on its individual claim. For the following reasons, the Court grants Plaintiff's Motion.

Plaintiff's First Amended Complaint ("FAC") alleges a single claim for violation of the Telephone Consumer Protection Act of 2005, 47 U.S.C. § 227 ("TCPA"), on behalf of itself and a putative class. According to Plaintiff, on July 3, 2012, Defendant transmitted via facsimile machine an unsolicited facsimile advertisement to Plaintiff. Plaintiff did not give Defendant consent to send the fax.

The TCPA as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227 prohibits the use of any "telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement..." 47 U.S.C. § 227(b)(1)(C). "The JFPA provides a private right of action and provides statutory damages of $500 per violation."

(FAC pg 1).  Although the FAC alleges Plaintiff received only one unsolicited fax, its Motion for Summary Judgment asserts Defendant sent Plaintiff two unsolicited faxes on July 3 and July 16, 2012, respectively.  Plaintiff argues the faxes were unsolicited and failed to contain the statutorily required opt-out notice.  Although Plaintiff concedes the parties had an existing business relationship, the lack of consent and failure to include opt-out language in the faxes entitles him to the statutory remedies.

**Procedural History**

On February 1, 2016, Plaintiff filed its Complaint with the Court on behalf of itself and a class of similarly situated persons.  On May 31, 2016, Plaintiff filed its First Amended Complaint again on behalf of itself and a putative class.  On February 13, 2017, the Court denied Defendant's Motion for Judgment on the Pleadings and on January 26, 2018, denied both Plaintiff's and Defendant's Motions for Summary Judgment.  On April 20, 2018, the Court adopted the parties' joint proposed schedule which included a class discovery cut-off date of October 31, 2018 and Motion for Class Certification schedule.  One week later, on April 27, 2018, Defendant's counsel moved to withdraw.  On August 2, 2018, after an in camera review on the reasons for counsel's Motion to Withdraw, the Court granted the Motion upon Defendant's counsel's submitting proof it served the Order granting withdrawal on its client.  The Court then ordered Defendant to obtain new counsel within thirty days.   In September 2018, the Court received a letter from Defendant requesting additional time to obtain new counsel.  The Court granted Defendant until November 9, 2018 to obtain new counsel but warned that failure to obtain new counsel may result in an adverse judgment.  Defendant never obtained new counsel.  Plaintiff filed its second Motion for Summary Judgment on December 4, 2018, and on

July 30, 2019, the Court certified the class.

## LAW AND ANALYSIS

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to show that no genuine issue of material fact exists, which may be demonstrated by "portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Inferences drawn "from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not have the duty to search the entire record to establish that no genuine dispute as to any material fact exists. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (1989). The non-moving party must present affirmative evidence supporting a genuine dispute of fact in order to defeat a motion for summary judgment. *Id.* at 1479. If the non-moving party fails to establish the existence of an essential element of which it has the burden of proof at trial, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. "[T]he inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

### *Did Plaintiff consent to receipt of the fax*

The JFPA, 47 U.S.C. § 227, prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless"--

3

      (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

      (ii) the sender obtained the number of the telephone facsimile machine through--
          (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
          (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,

      (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D),

47 U.S.C.A. § 227(b)(1)(C) (West).

      The JFPA further "provides for a private right of action, permitting plaintiffs to seek (1) to enjoin a violation of the Act; (2) to recover for actual monetary loss from such a violation or to receive $500, whichever is greater; or (3) both (1) and (2)." *Imhoff Inv., L.L.C. v. Alfoccino, Inc.,* 792 F.3d 627, 631 (6th Cir. 2015) citing 47 U.S.C. § 227(b)(3). "A fax is 'unsolicited' if it is sent to persons who have not given their 'prior express invitation or permission' to receive it." *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.,* 863 F.3d 460, 463 (6th Cir. 2017), as corrected on denial of reh'g en banc (Sept. 1, 2017) quoting § 227(a)(5). "The statute carves out a narrow exception to this general ban by permitting the sending of unsolicited faxes if a sender can show three things: (1) the sender and recipient have 'an established business relationship'; (2) the recipient voluntarily made his fax number available either to the sender directly or via 'a directory, advertisement, or site on the Internet'; and (3) the fax contained an opt-out notice meeting detailed statutory requirements." *Id.,* quoting § 227(b)(1)(C)(i)-(iii). "The upshot of this exception is that if an unsolicited fax does not contain a properly worded opt-out notice, the sender will be liable under the statute, regardless of whether the other two

criteria are met." *Id.*

**Express Permission**

The Court originally denied the parties' respective motions for summary judgment because Defendant's submitted evidence, albeit largely circumstantial, that the call center used by Defendant did not have internet access, yet still obtained Plaintiff's fax number.  This presented a question whether Plaintiff had voluntarily provided the fax number to Defendant and therefore, consented to receipt of the fax advertisement.

After the original summary judgment ruling, the Court allowed additional discovery to proceed.   Plaintiff subsequently sent to Defendant Requests for Admissions on September 13, 2018.  The fifth Request for Admission stated: "Cartridge World Corporation did not obtain express invitation or permission from Whiteamire Clinic Chiropractic to send advertisements to Whiteamire Clinic fax machine/fax number before July 3, 2012."  Cartridge World never responded.  Thus, under Federal Rule 36(a)(3), the unresponded to Request for Admission is deemed admitted.  Federal Rule of Civil Procedure 36(a)(3) establishes the effect of an untimely response: "A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3); see also *In re Meggitt,* No. 17-30029, 2018 WL 1121585, at *2 (Bankr. N.D. Ohio Feb. 27, 2018).  When coupled with Plaintiff's testimony that no permission was given, the undisputed evidence demonstrates Defendant did not have prior permission of Plaintiff before sending the advertisements to Plaintiff's fax.

**Established Business Relationship**

As stated in the Court's prior summary judgment ruling, while the JFPA bars unsolicited faxes, it provides an exception.  The Sixth Circuit has held that the JFPA "carves out a narrow exception to this general ban by permitting the sending of unsolicited faxes if a sender can show three things: (1) the sender and recipient have "an established business relationship"; (2) the recipient voluntarily made his fax number available either to the sender directly or via "a directory, advertisement, or site on the Internet"; and (3) the fax contained an opt-out notice meeting detailed statutory requirements." *Sandusky Wellness Ctr., LLC* , 863 F.3d at 463.  Plaintiff readily acknowledges it had an existing business relationship with Defendant.  Plaintiff "does not dispute it has an 'established business relationship' with Cartridge World within the meaning of the JFPA." (Plaintiff original Motion for Summary Judgment pg. 7).   Also, Defendant offered unrebutted evidence that Plaintiff published its fax number on its website.  (Whiteamire depo pg 86-87).  Thus, Defendant met two of the three requirements for the established business relationship defense.  However, the Court held that due to the disputed issue of consent to receiving the faxes, the Court must deny summary judgment.

**Whether the Fax provided the requisite opt-out notice requirements**

47 U.S.C. § 227(b)(1)(C) requires all unsolicited faxes contain opt-out notices with the following requirements:

> i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;
>
> (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;
>
> (iii) the notice sets forth the requirements for a request under subparagraph (E);

There is no dispute that Defendant's faxes to Plaintiff did not contain the statutorily required opt-out notices. Defendant argued in its original opposition that its faxes allowed for the recipient to click a link to "Regard Fax as Junk." However, this does not meet the express notice requirements of the JFPA. Thus, any unsolicited faxes sent by Defendant to Plaintiff were not in compliance with the JFPA and Defendant is not excepted from liability under the established business relationship defense.

In its previous Opinion and Order on Summary Judgment, the Court noted that the Sixth Circuit held that solicited or consented to faxes are NOT required to contain the requisite opt-out provisions. See *Sandusky*, 863 F.3d at 466-68. However, now that Plaintiff has shown by a preponderance of the evidence that the faxes received from Defendant were not solicited or consented to, Defendant's failure to include the opt-out language on the faxes is fatal to its EBR defense.

Therefore, Plaintiff is entitled to summary judgment on its JFPA claim.

**Damages**

Plaintiff has submitted evidence that it received two unsolicited faxes and requests the statutory amount for each violation, totaling $1,000. Plaintiff also asks the Court for treble damages under 47 U.S.C. § 227(b)(3)C), which reads: "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

The Court declines to award Plaintiff treble damages as Plaintiff offers no evidence that Defendant willfully or knowingly violated 47 U.S.C. § 227. Prior to Defendant's counsel's

withdrawal, there were legitimate issues regarding the parties' prior business relationship and Plaintiff's consent, as outlined in the Court's original Opinion and Order on the parties' summary judgment motions, that the Court, in its discretion, finds militate against a treble damages award.

Therefore, for the foregoing reasons, the Court grants summary judgment for Plaintiff, on its individual claim in the amount of $1000 plus costs.

IT IS SO ORDERED.

Dated: 9/17/19

                                                   /s/Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  United States District Judge