## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **WHITEAMIRE CLINIC, P.A. INC.,** | ) | **CASE NO.1:16CV226** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CARTRIDGE WORLD NORTH** | ) | <u>**OPINION AND ORDER**</u> |
| **AMERICA, LLC., AND JOHN DOES** | ) | |
| **1-10** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, SR. J:**</u>

This matter is before the Court on Plaintiff Whiteamire Clinic, P.A.'s unopposed Motion for Summary Judgment (ECF #113) on Behalf of the Certified Class.   For the following reasons, the Court grants Plaintiff's Motion.

Plaintiff's First Amended Complaint ("FAC") alleges a single claim for violation of the Telephone Consumer Protection Act of 2005,  47 U.S.C. § 227 ("TCPA"), on behalf of itself and a putative class.  According to Plaintiff, on July 3, 2012,  Defendant transmitted via facsimile machine an unsolicited  facsimile advertisement to Plaintiff.    Plaintiff did not give Defendant consent to send the fax.

The TCPA as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227 prohibits the use of any "telephone facsimile machine, computer, or other device to send, to a

telephone facsimile machine, an unsolicited advertisement..." 47 U.S.C. § 227(b)(1)(C).  "The JFPA provides a private right of action and provides statutory damages of $500 per violation." (FAC pg 1).  Although the FAC alleges Plaintiff received only one unsolicited fax, its Motion for Summary Judgment asserts Defendant sent Plaintiff and the Class two unsolicited faxes on July 3, 2012 and July 16, 2012, respectively.  Plaintiff argues the faxes were unsolicited and failed to contain the statutorily required opt-out notice.  Although Plaintiff concedes the parties had an existing business relationship, the lack of consent and failure to include opt-out language in the faxes entitles him to the statutory remedies.

**Procedural History**

On February 1, 2016, Plaintiff filed its Complaint with the Court on behalf of itself and a class of similarly situated persons.  On May 31, 2016, Plaintiff filed its First Amended Complaint again on behalf of itself and a putative class.  On February 13, 2017, the Court denied Defendant's Motion for Judgment on the Pleadings and on January 26, 2018, denied both Plaintiff's and Defendant's Motions for Summary Judgment.  On April 20, 2018, the Court adopted the parties' joint proposed schedule which included a class discovery cut-off date of October 31, 2018 and Motion for Class Certification schedule.  One week later, on April 27, 2018, Defendant's counsel moved to withdraw.  On August 2, 2018, after an *in camera* review of the reasons for counsel's Motion to Withdraw, the Court granted the Motion upon Defendant's counsel's submitting proof it served the Order granting withdrawal on its client.  The Court then ordered Defendant to obtain new counsel within thirty days.   In September 2018, the Court received a letter from Defendant requesting additional time to obtain new counsel.  The Court granted Defendant until November 9, 2018 to obtain new counsel but warned that failure to

obtain new counsel may result in an adverse judgment.  Defendant never obtained new counsel.

On July 30, 2019, the Court certified the class.  Plaintiff submitted its second Motion for

Summary Judgment on its individual claims which the Court granted on September 17, 2019.

**Plaintiff's Motion for Summary Judgment on Behalf of the Certified Class.**

According to Plaintiff, the Court has previously granted summary judgment on its

individual claim, finding Plaintiff received two unsolicited fax advertisements from Defendant.

Based on discovery obtained from Defendant, Plaintiff was provided a spreadsheet showing all

the faxed advertisement recipients of the July 3 and July 16 faxes.  An affidavit of the Court-

approved class administrator demonstrates that notices were successfully sent to 96.6% of the

Class without a single member opting out or objecting.

Plaintiff now seeks judgment and an award of damages for the class totaling

$4,293,000.00 based on the $500 statutory amount the Court awarded Plaintiff individually per

each unsolicited fax advertisement.  According to Plaintiff, it is entitled to summary judgment on

behalf of the Class because the faxes did not contain the statutory required opt-out language.  As

a result, Defendant could not avail itself of the "Established Business Relationship" defense.

Neither may Defendant argue it received the fax numbers via consent of the recipients as

Defendant has already conceded it did not obtain permission from recipients to send the faxes

when Defendant failed to respond to Plaintiff's Request for Admissions.

Consequently, Plaintiff alleges it has proven Cartridge World  sent fax advertisements to

the class without permission and without an established business relationship in violation of the

Junk Fax Protection Act.   Therefore, each class member is entitled to statutorily authorized

damages of $500 per fax.

3

## LAW AND ANALYSIS

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden is on the moving party to show that no genuine issue of material fact exists, which may be demonstrated by "portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Inferences drawn "from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The court does not have the duty to search the entire record to establish that no genuine dispute as to any material fact exists.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (1989).  The non-moving party must present affirmative evidence supporting a genuine dispute of fact in order to defeat a motion for summary judgment. *Id.* at 1479.  If the non-moving party fails to establish the existence of an essential element of which it has the burden of proof at trial, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 322-23.  "[T]he inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

The Telephone Consumer Protection Act of 2005,  47 U.S.C. § 227 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227, prohibits the use of any "telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement..."  47 U.S.C. § 227(b)(1)(C).  "The JFPA provides a private right of action and provides statutory damages of $500 per violation."  The JFPA, 47

U.S.C. § 227, prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless"--

> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

> (ii) the sender obtained the number of the telephone facsimile machine through--
>> (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>> (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,

> (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D),

47 U.S.C.A. § 227(b)(1)(C) (West).

The JFPA further "provides for a private right of action, permitting plaintiffs to seek (1) to enjoin a violation of the Act; (2) to recover for actual monetary loss from such a violation or to receive $500, whichever is greater; or (3) both (1) and (2)." *Imhoff Inv., L.L.C. v. Alfoccino, Inc.,* 792 F.3d 627, 631 (6th Cir. 2015) citing  47 U.S.C. § 227(b)(3). "A fax is 'unsolicited' if it is sent to persons who have not given their 'prior express invitation or permission' to receive it." *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.,* 863 F.3d 460, 463 (6th Cir. 2017), as corrected on denial of reh'g en banc (Sept. 1, 2017) quoting § 227(a)(5).  "The statute carves out a narrow exception to this general ban by permitting the sending of unsolicited faxes if a sender can show three things:  (1) the sender and recipient have 'an established business relationship'; (2) the recipient voluntarily made his fax number available either to the sender directly or via 'a directory, advertisement, or site on the Internet'; and (3) the fax contained an opt-out notice meeting detailed statutory requirements." *Id.*,  quoting § 227(b)(1)(C)(i)-(iii).

"The upshot of this exception is that if an unsolicited fax does not contain a properly worded opt-out notice, the sender will be liable under the statute, regardless of whether the other two criteria are met." *Id.*

It is undisputed that Defendant sent two faxes to the class on July 3 and July 16 via mass fax.   Moreover, Defendant cannot avail itself of the established business relationship defense because it admitted it did not obtain express permission from recipients to send the fax.  Plaintiff issued the following Requests for Admission to Defendant on September 18, 2018:

> 5. Cartridge World North America did not obtain express invitation or permission from any recipient of the 7/3/12 Fax Ad to send advertisements to their fax machine/fax number before July 3, 2012.

> 10. Cartridge World North America did not obtain express invitation or permission from any recipient of the 7/16/12 Fax Ad to send advertisements to their fax machine/fax number before July 3, 2012.

Defendant Cartridge World never responded.    Therefore, pursuant to Fed R. Civ. P. 36(a)(3), this failure to respond to a Request for Admission is deemed an admission as the Rule reads:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Furthermore, as Plaintiff proved via undisputed evidence in its individual Motion for Summary Judgment, the mass fax advertisement did not contain the requisite opt out language. 47 U.S.C. § 227(b)(1)(C) requires all unsolicited faxes contain opt-out notices with the following requirements:

> i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

> (ii) the notice states that the recipient may make a request to the sender of the

6

unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

There is no dispute that Defendant's faxes to Plaintiff and the Class did not contain the statutorily required opt-out notices.  Defendant argued in its original opposition that its faxes allowed for the recipient to click a link to "Regard Fax as Junk."  However, this does not meet the express notice requirements of the JFPA.  Thus, any unsolicited faxes sent by Defendant to Plaintiff were not in compliance with the JFPA and Defendant is not excepted from liability under the established business relationship defense.  Therefore, the Court finds the undisputed evidence demonstrates that Defendant sent 8,586 unsolicited fax advertisements to the class in violation of the TCPA and JFPA.  Consequently, Plaintiff and the Class are entitled to statutory damages in the amount of $500 per fax for a total of $4,293,000.00.

Therefore, the Court grants Plaintiff's unopposed Motion for Summary Judgment on behalf of the Class in the amount of $4,293,000.00.  The Court retains jurisdiction to oversee the Notice and  enforcement of the judgment.  Furthermore, the Court approves the proposed  Notice of Judgment with the additional requirement that any objections to the judgment, proposed attorney fee award or service award be made within 45 days of receipt of the Notice.   Because the Class should have a formal Motion for Fees and Service Award filed on the docket in order to make an informed objection, Plaintiff is ordered to file its Motion for Fees no later than February 28, 2021.   Once its Motion for Fees is filed, the Claims Administrator shall promptly send the proposed Notice to the Class.  Finally, the Court orders the Claims Administrator to submit a report to the Court after the 45 day objection period has expired, outlining the results of

the Notice to include any objections.

       IT IS SO ORDERED.


                   /s/Christopher A. Boyko
                  CHRISTOPHER A. BOYKO
                  Senior United States District Judge