# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION (AT CLEVELAND)

| | | |
|---|---|---|
| WHITEAMIRE CLINIC, P.A., INC., an Ohio corporation, individually, and as the representative of a class of similarly-situated persons, | ) ) ) ) | Case No. 1:16-cv-00226-CAB<br><br>Senior Judge Christopher A. Boyko |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS** |
| v. | ) ) | |
| CARTRIDGE WORLD NORTH AMERICA, LLC. and JOHN DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

Pursuant to Rules 37, 45, and 69 of the Federal Rules of Civil Procedure, Plaintiff Whiteamire Clinic, P.A., Inc. ("Whiteamire Clinic"), acting both individually and on behalf of the certified class (collectively referred to as "Plaintiffs"), respectfully requests that this Court issue an order compelling Cartridge World USA, LLC ("CW USA") and Blackford Capital, Inc. ("Blackford Capital") to comply with subpoenas in this action. This Motion is supported by the attached Memorandum in Support, the Affidavit of Matthew E. Stubbs, and the evidentiary materials incorporated therein.

Respectfully submitted,

*/s/ Matthew Stubbs*
GEORGE D. JONSON
MATTHEW E. STUBBS
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH 45202
Phone: (513) 241-4722
Fax: (513) 768-9227
Email: gjonson@mojolaw.com
mstubbs@mojolaw.com

1

ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Phone: (847) 368-1500
Fax:    (847) 368-1501

*Attorneys for Plaintiff Whiteamire Clinic, P.A.,
Inc. and the Certified Class*

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION / BACKGROUND

#### A.    Whiteamire Clinic Receives Advertisements from Cartridge World via Facsimile on July 3, 2012 and July 16, 2012.

This case arises from alleged violations of the Telephone Consumer Protection Act

("TCPA") by Defendant Cartridge World North America, LLC ("CW North America"). Under the

TCPA, which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, it is

"unlawful" to send an unsolicited advertisement to someone's fax machine.[1] The TCPA provides

statutory damages of $500.00 for each violation.[2]

Whiteamire Clinic received documents on July 3, 2012 ("the 7/3 Fax Ad") and July 16,

2012 ("the 7/16 Fax Ad") via facsimile that touted Cartridge World's printers, ink, toner, and other

products. While the TCPAA does provide statutory damages for violations, these damages are too

minimal to justify a stand-alone lawsuit by an individual plaintiff – particularly in the absence of

a provision in the TCPA for awarding attorney fees. Accordingly, while Whiteamire Clinic did

seek the statutory damages on its own individual claim, it also sought this remedy on behalf of all

---

[1]    47 U.S.C. § 227(b)(1)(C)("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement . . . ").

[2]    47 U.S.C. § 227(b)(3)(A)-(C)("A person or entity may . . . recover actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.").

of the recipients of the 7/3 and 7/16 Fax Ads.

B. **This Court Certifies a Class Consisting of the Recipients of the 7/3 and 7/16 Fax Ads.**

Whiteamire Clinic identified the recipients of the 7/3 and 7/16 Fax Ads via subpoena to Cartridge World's phone carrier, RingCentral. RingCentral produced these records in the form of a spreadsheet designated "RingCentral 046". Whiteamire Clinic then filed a Motion for Class Certification (ECF No. 97) seeking to certify a class consisting of all of the recipients of the 7/3 and 7/16 Fax Ads as listed in the RingCentral 046 spreadsheet. Via its Opinion and Order (ECF No. 104), this Court granted the Motion and certified the following class: "All subscribers of accounts (or other persons/entities) associated with (1) the fax numbers listed in the RingCentral 046 Spreadsheet (2) successfully sent a fax with a "start time" of July 3, 2012 or July 16, 2012." *See* Opinion and Order, pp. 3, 13 (ECF No. 104, PageID# 4738, 4748).

C. **This Court Awards a Judgment of $1,000 to Whiteamire Clinic on its Individual Claim and a Judgment of $4,293,000 on Behalf of the Certified Class.**

Whiteamire Clinic initially filed a Motion for Summary Judgment (ECF No. 98) on its individual claim. This Court granted that Motion, thereby awarding a judgment in favor of Whiteamire Clinic "in the amount of $1000 plus costs" (hereinafter "the individual judgment") *See* Opinion and Order, p. 8 (ECF No. 105, PageID# 4756)("the Court grants summary judgment for Plaintiff on its individual claim in the amount of $1000 plus costs.") *and* Opinion and Order, p. 7 (ECF No. 105, PageID# 4755)("Plaintiff has submitted evidence that it received two unsolicited faxes and requests the statutory amount for each violation, totaling $1,000.")

Consistent with this Court's certification of a class and the resolution of Whiteamire Clinic's individual claim, Whiteamire Clinic then filed a Motion for Summary Judgment on Behalf of the Certified Class (ECF No. 113) in which it sought an aggregate judgment of $4,293,000 on

behalf of the certified class ("the class judgment"). This Court granted that Motion as well. *See* Opinion and Order (ECF No. 115, PageID# 4821)("the Court grants Plaintiff's unopposed Motion for Summary Judgment on behalf of the Class in the amount of $4,293,000.00.") To this point, CW North America has not paid any of the individual judgment or the class judgment.

### D.    Whiteamire Clinic Issues Subpoenas to Cartridge World USA and Blackford Capital to Identify Assets to Satisfy the Judgments.

A little over two years into this litigation, CW North America fired its lawyers and stopped formally participating in the lawsuit. *See* Motion for Leave to Withdraw as Counsel for Cartridge World North America, LLC (ECF No. 89, PageID# 4244)("Mintz Levin has developed irreconcilable differences with Cartridge World . . . [and] seeks to withdraw"). About a year after that, CW North America effectively sold its entire business to CW USA via an agreement captioned "US License Agreement" (hereinafter the "License Agreement")[3]. Blackford Capital negotiated and provided the funding for the License Agreement.[4]

In an effort to identify assets with which to satisfy the judgments, Whiteamire Clinic served subpoenas on both CW USA and Blackford Capital. *See* Notice of Service of Subpoena [on Blackford Capital] (ECF No. 118) *and* Notice of Service of Subpoena [on CW USA] (ECF No. 119). Although both have responded to the subpoenas, their responses consisted of repeating the same boilerplate objection – and refusing to produce any documents – to every single request. Despite efforts to resolve disputes over these subpoenas informally[5], CW USA and Blackford Capital have persisted in their blanket refusal to produce any documents. Accordingly, Whiteamire

---

[3]    The License Agreement, which has been designated as Exhibit B, is being submitted to the Court under seal.

[4]    https://cartridgeworldusa.com/blog/blackford-capital-completes-investment-in-cartridge-world-north-america-press-release/

[5]    *See* Affidavit of Matthew E. Stubbs (attached and incorporated herein as Exhibit A).

Clinic seeks the assistance of this Court in compelling CW USA and Blackford Capital to comply with the subpoenas.

## II.     ARGUMENT

Rule 69 of the Federal Rules of Civil Procedure authorizes post-judgment discovery "[i]n aid of the judgment or execution," which may be conducted in accordance with either the federal rules or the rules of the forum state:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor -- as provided in these rules or by the procedure of the state where the court is located.

Similar to conventional discovery, "[t]he scope of post-judgment discovery is very broad and is intended to facilitate the identification of information relevant to the existence or transfer of the judgment debtor's assets." *United States v. Mitchell*, 2010 U.S. Dist. LEXIS 155062, *3 (S.D. Ohio 2010)(*internal quotations and citations omitted*). Moreover, "such discovery is not limited to parties, but may be obtained from any person." *Id.* at *4 (*internal quotations and citations omitted); see also FTC v. Trudeau,* 2012 U.S. Dist. LEXIS 160545, *13 (N.D. Ohio 2012)("A judgment creditor is entitled to utilize the full panoply of federal discovery measures provided for under federal and state law to obtain information from parties and non-parties alike")(*internal quotations and citations omitted).*

While conventional discovery must relate to a claim or defense, post-judgment discovery more often concerns the search for and identification of collectible assets: "Particularly relevant to post-judgment discovery is information about assets on which execution can issue or about assets that have been fraudulently transferred." *FTC,* 2012 U.S. Dist. at *13 (*internal quotations and citations omitted); see also OHM Resource Recovery Corp. v. Industrial Fuels & Resources, Inc.,*

5

1991 U.S. Dist. LEXIS 10297, *5 (N.D. In. 1991)("The scope of post-judgment discovery under the Federal Rules is broad, permitting a judgment creditor to obtain discovery not only of the debtor's current assets, but also information relating to past financial transactions which could reasonably lead to the discovery of concealed or fraudulently transferred assets.") As such, "[p]rovided the government [or other judgment creditor] can make some showing of the relationship that exists between the judgment debtor and the third party [from which the discovery is sought], the government should be permitted to obtain discovery aimed at uncovering defendants' hidden or concealed assets." *Mitchell*, 2010 U.S. Dist. at *3 (*internal quotations and citations omitted).*

In regard to this Motion, Whiteamire Clinic's subpoenas sought documents from Blackford Capital, the entity that purchased CW North America's business after a judgment had been rendered against CW North America in this case, and CW USA, the entity that is now operating CW North America's former business. The requested documents largely consist of tax and other financial documents, for which there can be no legitimate question as to their relevance or materiality:

> OHM is clearly entitled to inquire into past financial records and transactions in order to determine the existence of concealed or fraudulently transferred assets. . . . . Discovery of tax returns for previous years, particularly when accompanied by an examination of corporate financial records, may well disclose efforts to drain-off or conceal assets and income. The tax returns are clearly relevant to the subject matter of OHM's inquiry under Rule 69(a) . . . .

*OHM Resource Recovery,* 1991 U.S. Dist. LEXIS at *6, *10 (*internal citation omitted).* Nonetheless, and despite good faith efforts to resolve this dispute informally, both Blackford Capital and CW USA have flatly refused to provide tax returns and other financial records in response to the subpoenas based on nothing more than unexplained, boilerplate objections.

Accordingly, Whiteamire Clinic respectfully requests that this Court overrule Blackford Capital and CW USA's objections and order them to provide responsive documents to the subpoenas within fourteen days.

## III.  CONCLUSION

For all of the foregoing reasons, Plaintiff Whiteamire Clinic, P.A., Inc. respectfully requests that this Court overrule Blackford Capital, Inc. and Cartridge World USA, LLC's objections to the requests in the subpoenas and order them to provide responsive documents within fourteen days.

Respectfully submitted,

*/s/ Matthew E. Stubbs*
GEORGE D. JONSON
MATTHEW E. STUBBS
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH  45202
Phone: (513) 241-4722
Fax:    (513) 768-9227
Email: gjonson@mojolaw.com
          mstubbs@mojolaw.com

ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Phone: (847) 368-1500
Fax:    (847) 368-1501

*Attorneys for Plaintiff Whiteamire Clinic, P.A., Inc. and the Certified Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Additionally, I certify that the following persons were served with the foregoing via regular mail or email at the following addresses:

Brion Doyle
bdoyle@varnumlaw.com

John M. Titley
jtitley@varnumlaw.com

*Attorneys for Cartridge World USA, LLC and Blackford Capital, Inc.*

Cartridge World North America, LLC
3917 Mercy Drive
McHenry, IL 60050

*/s/ Matthew E. Stubbs*
MATTHEW E. STUBBS