UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AT CLEVELAND)

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CARTRIDGE WORLD NORTH AMERICA, LLC and JOHN DOES 1-10<br><br>Defendants | Civil Action No. 1:16-cv-00226<br><br>Senior Judge Christopher A Boyko |

| | |
|---|---|
| Matthew Stubbs<br>MONTGOMERY, JONSON<br>*Attorneys for Plaintiff*<br>600 Vine Street, Suite 2650<br>Cincinnati, Ohio 45202<br>(513) 241-4722<br>mstubbs@mojolaw.com | Brion B. Doyle (P67870)<br>VARNUM LLP<br>*Attorneys for Cartridge World USA, Inc.*<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>bbdoyle@varnumlaw.com |

### CARTRIDGE WORLD USA, INC.'S RESPONSE TO PLAINTIFF'S SUBPOENA

NOW COMES Cartridge World USA, LLC, by and through its attorneys, VARNUM LLP, and submits the following response to Plaintiff's Subpoena for Documents to Cartridge World USA, LLC dated March 11, 2021:

### GENERAL OBJECTIONS

The following are general objections are incorporated into each of the enumerated responses identified below:

**EXHIBIT A-2**

A. Cartridge World USA, LLC ("Cartridge World") objects to these Requests to the extent that the Requests call for documents or information which are protected by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or immunity.

B. Cartridge World objects to these Requests to the extent that the Requests are vague, ambiguous, or unintelligible.

C. Cartridge World objects to these Requests to the extent that the Requests seek information which is not relevant to the subject matter of this case and to the extent that the Requests seek information which is not reasonably calculated to lead to the discovery of admissible evidence.

D. Cartridge World objects to these Requests to the extent that the Requests are unduly burdensome, oppressive, annoying, harassing, overly broad as to time and scope, and/or do not describe the information requested with sufficient particularity to enable Cartridge World to formulate a rational response.

E. Cartridge World objects to these Requests to the extent that the Requests seek information containing private, privileged, confidential and/or proprietary business information of Cartridge World or any of its employees, customers, or business affiliates.

F. Cartridge World objects to these Requests to the extent that they impose on Cartridge World a duty to respond with information or produce documents or electronically stored information that is not within its possession, custody or control.

## **RESPONSES TO REQUESTS FOR PRODUCTION**

1. Financial statements and tax filings of Cartridge World North America, LLC from 2015 to 2020.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

2. Financial statements and tax filings of Cartridge World USA, LLC from 2018 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

3. Payroll records of Cartridge World North America, LLC from 2015 to 2020.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

4. Payroll records of Cartridge World USA, LLC from 2018 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

5. Past and current leases and/or rental agreements for the property located at 3917 Mercy Drive, McHenry, IL 60051 from 2015 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

6. Past and current contracts with any provider of goods or services to/for the property located at 3917 Mercy Drive, McHenry, IL 60051 from 2015 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

7. Invoices from any provider of goods or services to/for the property located at 3917 Mercy Drive, McHenry, IL 60051 from 2015 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

8. Monthly statements for any bank (or equivalent financial) account held by Cartridge World North America, LLC from 2015 to 2020.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it**

**calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

9. Monthly statements for any bank (or equivalent financial) account held by Cartridge World USA, LLC from 2018 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

10. Franchise agreements for "Cartridge World" franchises operating in the United States of America from 2015 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

11. Invoices, bills, or other demands for money from Cartridge World Australia Pty, Ltd. to Cartridge World North America, LLC from 2017 to the present.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

12. Invoices, bills, or other demands for money from Cartridge Australia Pty. Ltd to Cartridge World USA, LLC from 2018 to the present.

**RESPONSE**:  **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

13. Contracts for the purchase/sale of the brand licensing rights of "Cartridge World" by Blackford Capital and/or Cartridge World USA, LLC.

**RESPONSE**:  **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

14. Contracts for the assignment of franchise agreements or other property from Cartridge World North America, LLC to Cartridge World USA, LLC.

**RESPONSE**:  **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

15. Contracts or other documents granting or withdrawing the right to conduct the "License Business" as that term is defined in Paragraph C of the "Background" section of the Cartridge World License Agreement (attached hereto as "Exhibit B") to Cartridge World North America, LLC.

**RESPONSE**:  **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it**

**calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

16. Contracts or other documents assigning or granting the right to conduct the "License Business" as that term is defined in Paragraph C of the "Background" section of the Cartridge World License Agreement to Cartridge World USA, LLC.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

17. Bank statements, wire transfers, or other records documenting payment of the "Initial License Fee" (of $2,600,000) per Item 8 of. Exhibit A of the Cartridge World License Agreement.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

18. Documents provided to or reviewed by Cartridge World USA, LLC in contemplation or preparation for the transaction that is the subject of the Cartridge World License Agreement (i.e., the "due diligence" documents).

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

    19.    Records of the incorporation and minutes of Cartridge World USA, LLC.

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

    20.    Correspondence (letters, emails, texts, etc.) to or from Martin Stein in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc. against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

    21.    Correspondence (letters, emails, texts, etc.) to or from Mark Pinner in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc. against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**: **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

    22.    Correspondence (letters, emails, texts, etc.) to or from Rod Young in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc.

against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**:  **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

23. Correspondence (letters, emails, texts, etc.) to or from Edwin Liu in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc. against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**:  **Cartridge World objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

          Respectfully submitted,

          VARNUM LLP
          *Attorneys for Cartridge World USA, Inc.*

Dated: April 23, 2021     By: _____
          Brion B. Doyle (P67870)
          Business Address and Telephone:
          Bridgewater Place, P.O. Box 352
          Grand Rapids, MI 49501-0352
          (616) 336-6000

17866794