UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AT CLEVELAND)

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>   Plaintiff,<br><br>v.<br><br>CARTRIDGE WORLD NORTH AMERICA, LLC and JOHN DOES 1-10<br><br>   Defendants | Civil Action No. 1:16-cv-00226<br><br>Senior Judge Christopher A Boyko |

| | |
|---|---|
| Matthew E. Stubbs<br>MONTGOMERY JONSON<br>*Attorneys for Plaintiff*<br>600 Vine Street, Suite 2650<br>Cincinnati, Ohio 45202<br>(513) 241-4722<br>mstubbs@mojolaw.com | Brion B. Doyle (P67870)<br>VARNUM LLP<br>*Attorneys for Blackford Capital*<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>bbdoyle@varnumlaw.com |

### BLACKFORD CAPITAL'S RESPONSE TO PLAINTIFF'S SUBPOENA

NOW COMES Blackford Capital, by and through its attorneys, VARNUM LLP, and submits the following response to Plaintiff's Subpoena for Documents to Blackford Capital dated March 11, 2021:

### GENERAL OBJECTIONS

The following are general objections are incorporated into each of the enumerated responses identified below:

**EXHIBIT A-3**

A. Blackford Capital objects to these Requests to the extent that the Requests call for documents or information which are protected by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or immunity.

B. Blackford Capital objects to these Requests to the extent that the Requests are vague, ambiguous, or unintelligible.

C. Blackford Capital objects to these Requests to the extent that the Requests seek information which is not relevant to the subject matter of this case and to the extent that the Requests seek information which is not reasonably calculated to lead to the discovery of admissible evidence.

D. Blackford Capital objects to these Requests to the extent that the Requests are unduly burdensome, oppressive, annoying, harassing, overly broad as to time and scope, and/or do not describe the information requested with sufficient particularity to enable Blackford Capital to formulate a rational response.

E. Blackford Capital objects to these Requests to the extent that the Requests seek information containing private, privileged, confidential and/or proprietary business information of Blackford Capital or any of its employees, customers, or business affiliates.

F. Blackford Capital objects to these Requests to the extent that they impose on Blackford Capital a duty to respond with information or produce documents or electronically stored information that is not within its possession, custody or control.

## **RESPONSES TO REQUESTS FOR PRODUCTION**

1. Invoices, bills, or other demands for money from Cartridge Australia Pty. Ltd to Blackford Capital from 2018 to the present.

**RESPONSE**: **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

2. Contracts for the purchase/sale of the brand licensing rights of "Cartridge World" by Blackford Capital and/or Cartridge World USA, LLC.

**RESPONSE**: **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

3. Contracts for the assignment of franchise agreements or other property from Cartridge World North America, LLC to Cartridge World USA, LLC.

**RESPONSE**: **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

4. Contracts or other documents granting or withdrawing the right to conduct the "License Business" as that term is defined in Paragraph C of the "Background" section of the Cartridge World License Agreement (attached hereto as "Exhibit B") to Cartridge World North America, LLC.

**RESPONSE**: **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it**

**calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

5. Contracts or other documents assigning or granting the right to conduct the "License Business" as that term is defined in Paragraph C of the "Background" section of the Cartridge World License Agreement to Cartridge World USA, LLC.

**RESPONSE**:  **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

6. Bank statements, wire transfers, or other records documenting payment of the "Initial License Fee" (of $2,600,000) per Item 8 of Exhibit A of the Cartridge World License Agreement.

**RESPONSE**:  **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

7. Documents provided to or reviewed by Blackford Capital in contemplation or preparation for the transaction that is the subject of the Cartridge World License Agreement (L e., the "due diligence" documents).

**RESPONSE**:  **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

8. Records of the incorporation and minutes of Cartridge World USA, LLC.

**RESPONSE**:  **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

9. Correspondence (letters, emails, texts, etc.) to or from Martin Stein in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc. against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**:  **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

10. Correspondence (letters, emails, texts, etc.) to or from Mark Pinner in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc. against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**:  **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

11. Correspondence (letters, emails, texts, etc.) to or from Rod Young in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc.

against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**: **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

12. Correspondence (letters, emails, texts, etc.) to or from Edwin Liu in regard to the Cartridge World License Agreement and/or the lawsuit brought by Whiteamire Clinic, P.A., Inc. against Cartridge World North America, LLC identified as Case No. 1:16-cv-00226 ("the Whiteamire junk fax suit").

**RESPONSE**: **Blackford Capital objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and because it calls for the production of materials and information protected by the attorney-client privilege and/or the attorney work product doctrine.**

        Respectfully submitted,

        VARNUM LLP
        *Attorneys for Blackford Capital*

Dated: April 23, 2021        By: _____
        Brion B. Doyle (P67870)
        Business Address and Telephone:
        Bridgewater Place, P.O. Box 352
        Grand Rapids, MI 49501-0352
        (616) 336-6000

17866803